**Arthur McDERMOTT, Appellant,**

v.

**Charles G. TURNER, Appellee.**

**No. 16863.**

United States Court of Appeals
Eighth Circuit.
April 20, 1962.

Tom R. R. Ely, St. Louis, Mo., made argument for the appellant and filed brief.

E. C. Hartman, of Hartman, Guilfoil & Albrecht, St. Louis, Mo., made argument for the appellee and Edgar & Edgar, Attorneys at Law, Ironton, Mo., were with him on the brief.

Before SANBORN and MATTHES, Circuit Judges, and GRAVEN, Senior District Judge.

PER CURIAM.

The appellant appeals from a judgment rendered in favor of the appellee.

The appellant alleged in his complaint that on or about May 4, 1954, he and the appellee entered into an oral partnership agreement for the purpose of building and operating a filling station in the vicinity of Potosi, Missouri. He asked for an order and judgment dissolving the claimed partnership, for the appointment of a receiver to take over the assets of the partnership, and for an accounting. The appellee denied the making of the alleged partnership agreement. A trial was had to the Court. The Court found that no partnership agreement had been entered into by the parties and entered judgment in favor of the appellee. The determination of the issue as to whether the parties had entered into a partnership agreement largely turned on the matter of the credibility of the appellant and the appellee as witnesses. It cannot be said that the finding on that issue was clearly erroneous.

In his complaint the appellant based his claim for relief solely upon the ground of the existence of the partnership. He did not ask for relief upon any other theory or upon any other claimed relationship. The case was tried solely on the theory that the only issue involved

was the existence of a partnership between the parties. Following the entry of judgment in favor of the appellee, the appellant, in a motion for a new trial and in a motion for amended findings of fact and conclusions of law, for the first time claimed that he was entitled to relief upon another theory or basis. The trial court denied those motions. The appellant at no time asked for leave to amend his complaint to present any other issue and at no time prior to the entry of judgment indicated to the trial court that any other issue was involved. It is the view of this Court that the belated attempt on the part of the appellant to inject another issue into the case was properly denied by the trial court.

The judgment appealed from is affirmed.